JOURNAL ENTRY and OPINION
Defendant-appellant Akram Mustafa appeals from the sentence imposed by the trial court following appellant's entry of a guilty plea to one count of trafficking in food stamps.
Appellant challenges his sentence on the basis that the trial court failed to comply with the statutory requirements prior to imposing a prison term for the offense. This court finds appellant's challenge to be well-founded; therefore, the trial court's sentencing order is reversed and this case is remanded for further proceedings.
Appellant's conviction results from an investigation by the United States government of his business, a Shell automobile service station located at 5300 Superior Avenue in Cleveland, Ohio. On March 4, 1998 "undercover" agents of the Federal Bureau of Investigation entered appellant's store portion of the business with $100 in marked U.S.D.A. food stamps. They met with appellant's employee and, without making any food purchases, gave the employee the stamps. Appellant's employee proceeded to the office at the rear of the store. Once there, he delivered the stamps to appellant. Appellant counted them before exchanging them for $64.80 in cash. Appellant's employee took the cash, returned to the front of the store, and presented it to the agents.
Appellant and several others subsequently were indicted in connection with the undercover investigation. Four counts of the indictment charged appellant with Trafficking in Food Stamps, R.C. 2913.46, which is a felony of the fifth degree. Appellant pleaded not guilty to the charges and retained counsel to represent him.
The record reflects appellant thereafter entered into an agreement with the state whereby in exchange for appellant's plea of guilty to one count of the indictment, the state would dismiss the remaining charges. After accepting appellant's plea, the trial court referred him to the probation department for a presentence investigation and report.
Subsequently, appellant's case was called for sentencing. The trial court indicated it had reviewed the presentence report. Since defense counsel expressed some reservations as to its accuracy, the trial court reviewed with appellant and his counsel the "offense summary." Appellant maintained his purpose during the exchange with his employee was only to "loan" money.
The trial court thereupon proceeded to examine appellant with regard to his previous business experiences. The trial court indicated a skepticism that appellant was unaware of the implications of his behavior since appellant previously had been indicted for the same offense. The trial court expressed skepticism also regarding appellant's claims he was one of the sole sources of support for an extended family.
Ultimately, after appellant once again had denied wrongful intent in participating in the crime, the trial court stated:
 That's enough. That's enough. You were going to get community control sanctions, Mr. Mustafa, but I can't take all these lies over and over after you've pled guilty.
 Six months Lorain Correctional Institute, along with a fine of $2,500 and court costs.
Credit for any time served.
Appellant has filed a timely appeal from the trial court's order; this court granted appellant's contemporaneous motion for a stay of execution of sentence.
Appellant's sole assignment of error states:
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A PERIOD OF INCARCERATION FOR A FELONY OF THE FIFTH DEGREE WHEN INCOMPETELY FAILED (SIC) TO CONSIDER THE NECESSARY STATUTORY FACTORS CONTAINED IN REVISED CODE 2929.11 THROUGH REVISED CODE 2929.13.
Appellant argues the trial court's order of sentence is flawed, contending the trial court failed to make the requisite findings for the record prior to imposing a prison term for the offense to which he entered his guilty plea. Appellant's argument has merit.
Although R.C. 2929.13(B) does not establish presumptions, it does establish a system of guidance for the trial court to follow when sentencing an offender who committed a fourth or fifth degree felony. Katz and Griffin, Ohio Felony Sentencing Law (1996-1997 Edition) 389, Section 6.13. The trial court first "shall determine" whether any of eight factors relating to the seriousness of the offender's conduct in the commission of the offense applies to the case.
If the trial court "makes a finding" one or more of the factors applies, the trial court next is directed to consider R.C. 2929.12. Subsection (A) of that statute indicates the trial court should use its "discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11"; viz., "to protect the public from future crime by the offender and others and to punish the offender." It further requires the trial court to consider both additional factors "relating to the seriousness of the [offender's] conduct" listed in divisions (B) and (C), along with factors "relating to the likelihood of the offender's recidivism" listed in "divisions (D) and (E)." The trial court is directed to also consider "any other factors" relevant to the purposes and principles of sentencing.
If, after making the foregoing analysis, the trial court "finds that a prison term is consistent with the purposes and principles of sentencing * * * and finds that the offender is not amenable to an available community control sanction, the trial court shall impose a prison term upon the offender. R.C. 2929.13(B)(2)(a). (Emphasis added.) Under these circumstances, the trial court also must comply with R.C. 2929.19(B), which states in pertinent part:
 (B)(1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report made pursuant to section 2951.03
of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051 [2947.05.1] of the Revised Code.
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 (a) * * * if it imposes a prison term for a felony of the fourth or fifth degree * * * its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code that it found to apply relative to the offender.
(Emphasis added.)
However, if the trial court determines none of the original eight factors listed in R.C. 2929.13(B)(1) applies, and thus "does not make a finding pursuant to the first step in the analysis, the trial court nevertheless is vested with the discretion to determine whether either a term of imprisonment or a community control sanction is the more appropriate penalty. State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121, unreported, at 6-7.
In exercising its discretion, the trial court still is required to consider the factors set forth in R.C. 2929.12 before it may "find a community control sanction * * * is consistent with the purposes and principles of sentencing." R.C. 2929.13(B)(2)(b). (Emphasis added.) Thus, a sentence of imprisonment may be imposed if the court finds such a sentence meets the overriding purposes and principles of felony sentencing under R.C. 2929.11 and also the court states its reasons on the record.
A review of the transcript of the sentencing hearing reveals the trial court complied with none of the several requirements necessary to justify its sentence. Instead, although the trial court indicated it had made the requisite analysis prior to imposing the sentence, at the time of pronouncement, the trial court simply lost its patience with appellant.
The trial court in this case thus made no comments at the sentencing hearing that would justify the findings it set forth in its journal entry of sentence. State v. Edmonson (1999), 86 Ohio St.3d 324; State v. Flynn (Nov. 4, 1999), Cuyahoga App. Nos. 75144, 75145, unreported; cf., State v. Banks, supra. Moreover, the trial court also failed to state its reasons for imposing the sentence. State v. Flynn, supra; cf., State v. Edmonson, supra; State v. Smith(Apr. 20, 2000), Cuyahoga App. No. 77105, unreported. Since both are required by the statutory authority pursuant to which the trial court proceeded, the court's subsequent journal entry of sentence could not cure these flaws.
This court, therefore, "clearly and convincingly finds the record does not support the trial court's imposition of a prison term upon appellant. R.C. 2953.08(G)(1)(a); State v. Edmonson, supra; cf., State v. Assad and Abdelhady (June 11, 1998), Cuyahoga App. Nos. 72648, 72649, unreported.
Accordingly, appellant's assignment of error is sustained.
The trial court's order of sentence is reversed, and this case is remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant shall recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and ANNE L. KILBANE, J. CONCUR
 ____________________ JUDGE KENNETH A. ROCCO